**B. John Casey**, OSB #120025
Email: john.casey@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97258
Tel.: (503) 228-3200 \ Fax: (503) 248-9085

**Jerry S. McDevitt** (pro hac vice)
Email: jerry.mcdevitt@klgates.com
**Curtis B. Krasik** (pro hac vice)
Email: curtis.krasik@klgates.com
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Tel.: (412) 355-6500 \ Fax: (412) 355-6501

Attorneys for Defendant
World Wrestling Entertainment, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| WILLIAM ALBERT HAYNES III, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>    vs.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>              Defendant. | Case No. 3:14-cv-01689-ST<br><br>DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO TRANSFER VENUE AND SUPPORTING MEMORANDUM<br><br>**ORAL ARGUMENT REQUESTED** |

PAGE 1 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM
PI-3751390 v1

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97258
TELEPHONE: (503) 228-3200

## LR-7-1 CERTIFICATION

Pursuant to LR-7-1, Defendant's counsel certify that they made a good faith effort to resolve the issues presented by this Motion during a telephone conference with Plaintiff's counsel on December 22, 2014, but were unable to do so.

## MOTION TO TRANSFER VENUE

Defendant World Wrestling Entertainment, Inc. ("WWE") moves the Court for an order transferring this action to the U.S. District Court for the District of Connecticut pursuant 28 U.S.C. § 1404(a).[1]  This motion is based on the memorandum of points and authorities herein, the Affidavit of James Langham, and the contents of the Amended Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

In the event that the Court denies any aspect of WWE's Motion to Dismiss such that any individual claims of Plaintiff William Albert Haynes, III ("Plaintiff") survive, this case should be transferred to the District of Connecticut.  Apart from Plaintiff currently residing in the State of Oregon, Oregon has little, if any, substantive connection with the parties' dispute.  Plaintiff does not allege that he sustained a concussion while performing for WWE in Oregon.  Indeed,

---

[1]      Because WWE has also filed a motion to dismiss the Complaint for lack of personal jurisdiction and for failure to state a claim ("Motion to Dismiss") concurrently herewith, WWE respectfully requests that the Court defer ruling on this Motion until after it decides the Motion to Dismiss.  This is particularly appropriate since "the state law applicable in the original court also appl[ies] in the transferee court."  *Atlantic Marine Constr. Co., Inc. v. United States Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)).  Thus, if the Court grants WWE's § 1404 Motion without first deciding the Motion to Dismiss, the District of Connecticut would then have to apply Oregon substantive law to the dismissal motion.  This Court's familiarity with Oregon law strongly weighs in favor of this Court deciding WWE's Motion to Dismiss as opposed to a Connecticut court less versed in the Oregon law issues addressed by the Motion to Dismiss.  Moreover, if the entire case is dismissed under Oregon law, there obviously would be no case to transfer to Connecticut.

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97258
TELEPHONE: (503) 228-3200

Plaintiff has not alleged that any injury to him was inflicted in Oregon.  Nor has he alleged with

particularity any act or omission of WWE that supposedly occurred in Oregon.  Thus, Plaintiff's

Complaint is devoid of any substantive basis whatsoever for litigating this case in Oregon.

The Court is authorized to transfer an action to another district pursuant to 28 U.S.C. §

1404(a), where, as here, (1) the action might have been filed in the transferee court and where

venue would be proper in the transferee court, and (2) the convenience of the parties and the

witnesses, and the interests of justice, would favor a transfer.  Applying these standards to the

instant action overwhelmingly favors a transfer of this case to the District of Connecticut for the

following reasons.

*First*, the District of Connecticut would have subject matter jurisdiction over this action

pursuant to the Class Action Fairness Act of 2005, and venue would be proper in the District of

Connecticut under 28 U.S.C. § 1391(b) because WWE maintains its principal place of business

in the State of Connecticut.

*Second*, the convenience of the parties and the witnesses, and the interests of justice

decidedly favor a transfer.  The substantial majority of the putative class members are subject to

contractual forum selection clauses requiring that their claims be litigated in Connecticut.

Meanwhile, Plaintiff's choice of forum is entitled to little deference because he brought the suit

as a nationwide class action.  Importantly, access to the sources of proof will be easier and less

expensive if the case were litigated in Connecticut.  Compulsory process also would cover more

witnesses if this action were litigated in Connecticut.  Additionally, transfer would help alleviate

this District's docket, which is significantly more congested than the District of Connecticut's

docket.  Public policy further militates in favor of transfer to Connecticut.

PAGE 3 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM

For these reasons, as discussed in detail below, the Court should transfer this action to the District of Connecticut if it denies WWE's Motion to Dismiss.

## II.     BACKGROUND

### A.     Summary of the Allegations

Plaintiff claims that he suffered head injuries and sustained concussions during the brief period that he performed for WWE, from 1986 to early-1988.  *See* Am. Compl. ¶¶ 122-131. Plaintiff asserts that the WWE allegedly subjected him and other similarly-situated wrestlers to such physical harm and supposedly concealed the consequences of head trauma that they purportedly sustained while wrestling for WWE.  *Id.* ¶ 1.  As a result, Plaintiff seeks to certify a broad class of "[a]ll persons who currently or formerly wrestled for [WWE] or a predecessor company, and who reside in the United States."  *Id.* ¶ 132.

Plaintiff wrestled for WWE from approximately June 2, 1986 through approximately January 1988.  Am. Compl. ¶ 122; *see also* Affidavit of James Langham ("Langham Aff.") attached as Exhibit 1, ¶ 5.  During the less than two years that he wrestled for WWE, Plaintiff does not allege he ever sustained a concussion or any other injuries, whether patent or latent, as a result of performing for WWE in Oregon.  In fact, Plaintiff does not allege that any injury to him was inflicted in Oregon at any time.  Since 1988, Plaintiff has not performed in any WWE-sponsored event in Oregon or anywhere else.  *Id.*

### B.     WWE's Operations and Lack of Contacts with the State of Oregon

WWE is an integrated media company principally engaged in the development, production and promotion of television programming and live events featuring its unique brand of wrestling-based sports entertainment.  *See* Langham Aff. ¶ 3.  WWE is a Delaware corporation with its principal place of business in Stamford, Connecticut.  *Id.* ¶ 4.  WWE

PAGE 4 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM

maintains the vast majority of its business records in Connecticut, either in its corporate

headquarters or in an off-site records storage facility.  *Id.*  The WWE executives identified in

Plaintiff's Complaint – specifically, the "small group of related executives" whom Plaintiff

alleges "tightly control" WWE – reside in Connecticut and work out of WWE's Connecticut

headquarters.  *Id.* ¶ 6.  Additionally, the vast majority, if not all, of WWE's employees who

would have discoverable information regarding Plaintiff's claims also work out of WWE's

Connecticut headquarters.  *Id.*

     While WWE is registered to do business, and has a registered agent in Oregon, WWE

does not have an office in Oregon, does not maintain a telephone listing in Oregon, and does not

own or lease real estate in Oregon.  *Id.* ¶¶ 7-10.  Similarly, WWE does not have a bank account

in Oregon and has not borrowed money from any financial institution in Oregon.  *Id.* ¶ 11.

**C.**    <u>**Forum Selection Clauses in Booking Agreements**</u>

     Plaintiff seeks to certify a broad class of all current and former WWE wrestlers in the

United States.  However, a substantial majority of the putative class members are subject to

contracts containing forum selection clauses that require their claims to be litigated in

Connecticut.  *See* Langham Aff. ¶ 15.  More specifically, booking contracts typically entered into

between the WWE and its wrestlers after June 13, 1991 require that any disputes arising out of or

relating in any way to the booking contracts be litigated in Connecticut.  *Id.* ¶ 16.[2]  No contract

between a wrestler and the WWE has a forum selection clause of Oregon.  *Id.* ¶ 17.

     Significantly, WWE is facing another lawsuit in the U.S. District Court for the Eastern

District of Pennsylvania asserting substantially-similar allegations filed by the same attorneys

---

[2]    Certain booking contracts entered into between 1997 and 2000 have an arbitration provision requiring arbitration in Connecticut.  *Id.* ¶ 16.

PAGE 5 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM

representing Plaintiff in this case.  *See Singleton et al. v. World Wrestling Entertainment, Inc.*, No. 5:15-cv-00223-LS (E.D. Pa.).  The plaintiffs there signed contracts with mandatory forum selection clauses, typical of the majority of the putative class members, which require the litigation of their claims in the District of Connecticut.  On February 27, 2015, WWE filed a "Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) Due to Forum-Selection Clauses in the Contracts Between the Parties" (the "Motion" attached as Exhibit 2).  The plaintiffs filed no opposition to the Motion.  On March 23, 2015, the Eastern District of Pennsylvania granted WWE's Motion, noting that "**[t]he plaintiffs do not oppose a transfer of venue and agree the District of Connecticut is an appropriate forum**."  *See* 3/23/15 Order at 1 n.1 (emphasis added) attached as Exhibit 3.

## III.    ARGUMENT

### A.    Standard of Review

Pursuant to 28 U.S.C. § 1404(a), the Court should transfer this action to the District of Connecticut for the convenience of the parties and the witnesses, and in the interest of justice.  In deciding a § 1404 motion, a district court must engage in a two-step inquiry:  "First, the district court must consider whether the action could have been brought in the proposed forum; that is, whether the proposed forum would have had subject matter jurisdiction at the time the action was filed; [whether] defendants would have been subject to personal jurisdiction; and [whether] venue would have been proper."  *Premier Cmty. Bank v. First Am. Title Ins. Co.*, No. 3:14-cv-00913-PK, 2014 WL 5018814, at *2 (D. Or. Sept. 25, 2014) (quotations and citations omitted);  If  the district court concludes that the action could have been brought in the proposed forum, "it must consider whether the convenience of the parties, the convenience of the witnesses, and the interests of justice weigh in favor of transferring venue to that forum."  *Id.*  The following factors

PAGE 6 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM

are considered in this latter inquiry:

> (1) location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Italian Colors Rest. v. American Express Co.*, No. C 03-3719 SI, 2003 WL 22682482, at *2

(N.D. Cal. Nov. 10, 2003) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th

Cir. 2000) (internal citations omitted)).[3]  "The burden is on the defendant to establish that the

balance of the factors supports transferring venue."  *Premier Community Bank*, 2014 WL

5018814, at *3.

Among these factors, two considerations particularly dictate transfer of this action to the

District of Connecticut.  Although there is ordinarily a strong preference for the plaintiff's

chosen forum, that preference is entitled to little, if any, consideration where the action is

brought as a nationwide class action.  *See Italian Colors Rest.*, 2003 WL 22682482, at *3 ("if the

named plaintiff purports to act on behalf of a nationwide class . . . there is nothing unique or

probative about the location of its [residence]").  Further, as part of the analysis, courts must

consider the existence of an applicable forum selection clause.  *See id.* at *6; *see also Premier

Cmty. Bank*, 2014 WL 5018814, at *3.  Significantly, the U.S. Supreme Court recently clarified

that when the parties' contract contains a forum selection clause such provision is entitled to

"***controlling weight in all but the most exceptional cases***."  *Atlantic Marine Constr. Co*, 134

---

[3]  The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Italian Colors Rest.*, 2003 WL 22682482, at *2 (quoting *Van Dusen*, 376 U.S. at 616)).  The Court has broad discretion in deciding motions to transfer venue.  *Id.*

PAGE 7 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM

S.Ct. at 581 (emphasis added).

**B.     This Action Could Have Been Filed in the District of Connecticut**

"In determining whether an action might have been brought in a district, the court looks to whether the court in the transferee district would have jurisdiction over the subject matter and whether venue would be proper there." *Isbrandtsen Marine Servs., Inc. v. Shaghai Hai Xing Shipping Co., Ltd.*, Civ. No. 90-1237-RE, 1991 WL 211293, at *2 (D. Or. Apr. 1, 1991) (transferring case from Oregon to Connecticut).  The District of Connecticut would have subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), which Plaintiff admits applies to this case.  *See* Am. Compl. ¶ 14.

Likewise, venue is proper in the District of Connecticut.  Pursuant to 28 U.S.C. § 1391(b)(1), a case may be brought in "a judicial district in which any defendant resides…"  Here, WWE maintains its principal place of business, and thus resides, in Connecticut.  *See* 28 U.S.C. § 1391(b)(1) & (c)(2); *see also* Langham Aff. ¶ 4.  Accordingly, the first prong of the Section 1404(a) analysis is met.

**C.     The Convenience of the Parties and Witnesses and Interests of Justice Favor Transfer to the District of Connecticut**

A transfer of this case to the District of Connecticut is also warranted under the second prong of the Section 1404(a) analysis.  First, as noted above, the agreements between WWE and the substantial majority of the putative class members contain express and mandatory contractual forum selection clauses that require their claims to be litigated exclusively in Connecticut.  *See* Langham Aff.  ¶ 15.  The existence of such a clause in the agreements WWE typically entered into with putative class members over the past 23 years decidedly favors transfer of this action.  As the Supreme Court recently held in a unanimous decision, when the parties have agreed to

PAGE 8 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM

litigate in a pre-determined forum, the case should be transferred to that forum unless "extraordinary circumstances" require otherwise. *Atlantic Marine Constr. Co.*, 134 S.Ct. at 581. Plaintiff has not and cannot come forward with any extraordinary circumstances here. This rule applies with equal force where certain putative class members, even the lead plaintiff, may not be subject to such a forum selection clause. Pertinently, the *Italian Colors Restaurant* court concluded that even if the forum selection clause applied to only a part of the proposed class (excluding the lead plaintiff), that factor nonetheless favored a transfer. *See Italian Colors Rest.*, 2003 WL 22682482, at *6.

Here, the existence of forum selection clauses weighs even more heavily in favor of a transfer because the overwhelming majority of the putative class members are subject to a forum selection clause requiring the case to be brought in Connecticut since WWE booking contracts after June 13, 1991 typically contained such a provision. Langham Aff. ¶ 16. Conversely, no WWE wrestler has ever been subject to a forum selection clause requiring the case to be brought in Oregon. *Id.* ¶ 17. Thus, every wrestler since June 1991 who agreed to a Connecticut forum selection clause would "bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed," and have "waive[d] the right to challenge the preselected forum as inconvenient." *Atlantic Marine Constr. Co.*, 134 S.Ct. at 582. Plaintiff cannot sustain such a burden here.

Second, Plaintiff's choice of forum is entitled to little, if any, consideration because he styled his complaint as a putative nationwide class action. *See Italian Colors Rest.*, 2003 WL 22682482, at *3 (disregarding plaintiff's choice of forum in class action). Similarly, Plaintiff's forum selection is all but disregarded in a case where, as here, the operative facts occurred outside the forum. *See Nez Pierce Tribe v. Nat'l Oceanic & Atmospheric Admin. Fisheries*, No.

PAGE 9 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM

CV 04-60-RE, 2004 WL 1179333, at *2, 3 (D. Or. May 27, 2004) (holding that "plaintiff's choice of venue is not entitled to deference" where operative facts did not occur in forum state). Here, Plaintiff has not alleged that any injury was inflicted on him in Oregon, let alone that he supposedly sustained a concussion while performing at a WWE event in Oregon.  As such, his forum choice is entitled to no weight.

Third, the parties' respective contacts with the forum, and the contacts relating to Plaintiff's causes of action, favor a transfer to Connecticut.  Again, Plaintiff does not allege that he ever sustained a concussion or other injuries while performing for WWE in Oregon.  Nor has he alleged with particularity any act or omission of WWE which occurred in Oregon.  WWE's contacts with Oregon are nominal at best, and in any event are wholly unrelated to Plaintiff's claims.  WWE does not have an office in Oregon, does not own or lease real estate in Oregon, and does not maintain a telephone listing in Oregon.  Langham Aff. ¶¶ 8-10.  In short, WWE maintains no permanent or continuous presence in Oregon.  *Id.* ¶ 7.

Fourth, access to the sources of proof will be easier and less expensive if the case were litigated in Connecticut.  As most of the witnesses are WWE employees or representatives who work or reside in Connecticut, including the alleged "small group of related [WWE] executives" whom Plaintiff alleges "tightly control" WWE, *see* Am. Compl. ¶ 18, and because WWE's corporate records and other documentary evidence are also located in Connecticut, it will be easier and less expensive to litigate this case in Connecticut.  *See* Langham Aff. ¶¶ 4 & 6; *Italian Colors Rest.*, 2003 WL 22682482, at *5 ("cost of litigation will be substantially lessened if the action is venued in the same district where most of the documentary evidence is found.").  Transporting these witnesses to Oregon will also be costly, and will significantly burden the WWE employees who have work responsibilities in Connecticut.  *See Dunn & Fenley, LLC v.*

PAGE 10 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM

*Diederich*, Nos. 06-6243-TC et al., 2010 WL 28662, at *6 (D. Or. Jan. 5, 2010) (while parties' witnesses faced similar travel distances, defendant's costs would be greater because plaintiff had fewer witnesses).  Pertinently, in granting WWE's motion to transfer venue, the Eastern District of Pennsylvania noted that "transfer of this action to the District of Connecticut is appropriate '[f]or the convenience of parties and witnesses, in the interest of justice" because, among other reasons, "[t]he WWE executives, who will likely serve as witnesses in this case, reside in Connecticut [and] [t]he corporate records and other documentary evidence needed to litigate this action are located in Connecticut."  *See* Exhibit 3 at 1 n.1.  This reasoning applies with even greater force here given the significantly greater distance — and thus inconvenience and expense — to travel from Connecticut to Portland, Oregon as compared to Philadelphia, Pennsylvania.

Fifth, compulsory process would cover more witnesses if this action were litigated in the District of Connecticut.  Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, a "subpoena may command a person to attend trial, hearing, or deposition only as follows:  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."  Because the majority of witnesses would be WWE employees or representatives who work or reside in Connecticut, the District of Connecticut's compulsory process will reach more witnesses than that of this Court.  *Dunn & Fenley, LLC*, 2010 WL 28662, at *6 (finding that transferee court would have valid subpoena power over most witnesses, and that transferor court would have valid subpoena power only over witnesses with little information on alleged claims).

PAGE 11 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM

Sixth, a transfer would also help alleviate this District's congested docket.  As of June 30, 2014, the District of Oregon had 490 pending cases per judge, whereas the District of Connecticut had 384 pending cases per judge.[4]

Finally, there is no indication that transferring this case to the District of Connecticut would offend Oregon's public policy.  Plaintiff will be able to pursue his claims in the District of Connecticut.  Moreover, Connecticut has an interest in adjudicating claims related to alleged wrongdoings that were allegedly committed by a Connecticut resident.  Conversely, an Oregon jury should not be burdened with deciding a case in which the operative facts occurred elsewhere.  *See Dunn & Fenley, LLC.*, 2010 WL 28662, at *7 (finding it unfair for residents to serve as jurors in copyright infringement case because infringement activities occurred outside of forum state).

**D.** **The Court Should Defer Deciding this Motion Until After It Has Ruled on WWE's Motion to Dismiss**

The Court should defer ruling on this Motion until after it has decided WWE's Motion to Dismiss.  *See Home Poker Unlimited, Inc. v. Grant Cooper & Cooper Design & Concepts, Inc.*, No. 09-CV-460-BR, 2009 WL 5066653, at *8 (D. Or. Dec. 15, 2009) (deciding and granting motion to dismiss first, then concluding that motion to transfer did not need to be addressed). Doing so would conserve time and judicial resources because a dismissal of the action would moot this Motion.  As further noted at the outset, it is particularly appropriate for the Court to defer ruling on this Motion since "the state law applicable in the original court also appl[ies] in the transferee court."  *Atlantic Marine Constr. Co.,* 134 S. Ct. at 582 (citing *Van Dusen*, 376 U.S.

---

[4] *See* Federal Court Management Statistics, available at http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2014/district-fcms-profiles-june-2014.pdf&page=8 (last visited December 5, 2014).

PAGE 12 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM

at 639).  Thus, if the Court grants WWE's § 1404 Motion without first deciding the Motion to

Dismiss, the District of Connecticut would then have to apply Oregon substantive law to decide

the dismissal motion.  This Court's familiarity with Oregon law strongly weighs in favor of this

Court deciding WWE's Motion to Dismiss as opposed to a Connecticut court less versed in the

Oregon law issues addressed by the Motion to Dismiss.  Conversely, if the Court grants the

Motion to Dismiss in its entirety, there would be no case to transfer to Connecticut.

Accordingly, the Court should defer deciding this Motion until after it has ruled on WWE's

Motion to Dismiss.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court should grant WWE's Motion to Transfer if it

has first decided WWE's Motion to Dismiss and any claims survive that motion.

DATED this 31st day of March, 2015.

> K&L GATES LLP
>
> By: /s/ B. John Casey
>      B. John Casey, OSB #120025
>      Email: john.casey@klgates.com
>
>      Jerry S. McDevitt, *pro hac vice*
>      Email: jerry.mcdevitt@klgates.com
>      Curtis B. Krasik, *pro hac vice*
>      Email: curtis.krasik@klgates.com
>
>      *Attorneys for Defendant World Wrestling*
>      *Entertainment, Inc.*

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97258
TELEPHONE: (503) 228-3200

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2015, I served a copy of the foregoing

DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO

TRANSFER VENUE AND SUPPORTING MEMORANDUM on the following parties via the

Court's CM/ECF System:

Steve D. Larson
Joshua L. Ross
Stoll Stoll Berne Lokting & Shlachter P.C.
209 SW Oak Street, Suite 500
Portland, OR  97204
Email: slarson@stollberne.com; jross@stollberne.com
        Attorneys for Plaintiff William Albert Haynes III

Pro Hac Vice admitted attorneys for Plaintiffs:

Konstantine Kyros                         Taylor Asen
Kyros Law Offices, PC                     Cuneo Gilbert & LaDuca, LLP
kon@kyroslaw.com                          tasen@cuneolaw.com

Erica Mirabella                           Scott Moriarty
Mirabella LLC                             Lockridge Grindal Nauen PLLP
erica@mirabellaLLC.com                    samoriarity@locklaw.com

Brendan Thompson                          Robert Shelquist
Cuneo Gilbert & LaDuca, LLP               Lockridge Grindal Nauen PLLP
brendant@cuneolaw.com                     rkshelquist@locklaw.com

Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
charles@cuneolaw.com

DATED this 31st day of March, 2015.


                              /s/ B. John Casey
                              B. John Casey



PAGE 14 – WWE'S MOTION TO TRANSFER VENUE AND
SUPPORTING MEMORANDUM