# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM ALBERT HAYNES III, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>                Defendant. | Case No. 3:14-cv-01689-ST |

## AFFIDAVIT OF JAMES W. LANGHAM

State of Connecticut  )
                              ) ss:
County of Fairfield    )

I, James W. Langham, being first duly sworn, hereby depose and say:

1. I am over eighteen (18) years of age. I have personal knowledge of the matters set forth herein or, where indicated, have reviewed WWE corporate records, and am competent to testify thereto.

2. I am employed as the Senior Vice President and Assistant General Counsel of World Wrestling Entertainment, Inc. ("WWE"). In that capacity, I assist in the oversight of WWE's legal department and I have gained direct and substantial knowledge of WWE's business operations.

PI-3414812 v1

3. WWE is an integrated media company principally engaged in the development, production, and promotion of television programming and live events, featuring its unique brand of wrestling-based sports entertainment.

4. WWE is a Delaware corporation with its principal place of business in Stamford, Connecticut. WWE maintains the vast majority of its business records in Connecticut, either in its corporate headquarters or in an off-site records storage facility.

5. Plaintiff William Albert Haynes, III entered into a booking agreement with WWE's predecessor-in-interest, Titan Sports, Inc., dated June 2, 1986 and performed for WWE under the ring name Billy Jack Haynes through in or around January 1988. Haynes has not performed in any WWE-sponsored event since 1988.

6. The WWE executives identified in Plaintiff's Complaint, specifically, the "small group of related executives whom Plaintiff alleges "tightly control" WWE, *see* First Amended Class Action Complaint ¶ 18, reside in Connecticut and work out of WWE's Connecticut headquarters. Additionally, the vast majority, if not all, of WWE's employees who would have discoverable information regarding Plaintiff's claims also work out of WWE's Connecticut headquarters.

7. While WWE is registered to do business, and has designated a registered agent, in Oregon, WWE does not have any permanent or continuous presence in Oregon.

8. WWE does not have an office in Oregon.

9. WWE owns no real estate in Oregon, nor does it lease any property in Oregon.

10. WWE does not maintain a telephone listing in Oregon.

11. WWE does not have a bank account in Oregon and has not borrowed money from any financial institution in Oregon.

12. WWE has one non-executive employee who resides in Oregon and works out of his home.

13. WWE corporate records indicate that, over the past ten years (since 2005), WWE has performed only thirteen shows in Oregon out of more than one thousand WWE shows performed over that time. All WWE events are performed by a separate Delaware corporation, Event Services, Inc., which is a wholly-owned subsidiary of WWE.

14. A WWE event typically occurs over the course of a few hours on a given show date. Because so many WWE events take place during a given year throughout the United States and indeed around the world, the process is akin to a traveling road show, with WWE's crew and talent constantly traveling from state to state and venue to venue for the next event.

15. A substantial majority of the putative class members Plaintiff seeks to certify in this lawsuit are subject to contracts containing forum selection clauses that require their claims to be litigated in Connecticut.

16. Specifically, booking contracts typically entered into between WWE and its wrestlers after June 13, 1991 require that any disputes arising out of or relating in any way to the booking contracts be litigated in Connecticut. Certain booking contracts entered into between 1997 and 2000 have an arbitration provision requiring arbitration in Connecticut. All known booking contracts entered into after 2000 have a forum selection clause of Connecticut.

17. No contract between WWE and a wrestler has a forum selection clause of Oregon.

_____
James W. Langham, Senior Vice President and
Assistant General Counsel

Subscribed and sworn to before me
this 23rd day of March, 2015

_____
Notary Public
My Commission Expires:

AMY L. ANNUCCI
NOTARY PUBLIC
MY COMMISSION EXPIRES NOVEMBER 30, 2018

4