# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVAN SINGLETON and VITO LOGRASSO, individually and on behalf of all others similarly situated, Plaintiffs, | : CIVIL ACTION :  : : No. 15-223 : |
| v. | : : |
| WORLD WRESTLING ENTERTAINMENT, INC., Defendant. | : : : |

## ORDER

**AND NOW**, this 23rd day of March, 2015, upon consideration of the defendant's motion for transfer of venue (Doc. No. 6) and epistolary correspondence from the parties to the court, it is hereby **ORDERED** that the motion is **GRANTED**, and this action is hereby transferred to the United States District Court for the District of Connecticut.[1]

It is further **ORDERED** that:

1)  Such order shall be implemented immediately without the 21 day stay period contemplated by Local Rule 3.2.

---

[1] A court may transfer an action to any other district where an action might have been brought or to any district to which all parties have consented. 28 U.S.C. § 1404(a). Venue is appropriate in "a judicial district in which any defendant resides." 28 U.S.C. § 1391. The defendant is a Delaware corporation with its principal place of business in Connecticut. By all accounts offered, the defendant would be considered a resident of Connecticut. See 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). The District of Connecticut is a district in which this action could have been brought.

The plaintiffs do not oppose a transfer of venue and agree the District of Connecticut is an appropriate forum. In addition, a transfer of this action to the District of Connecticut is appropriate "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The WWE executives, who will likely serve as witnesses in this case, reside in Connecticut. The corporate records and other documentary evidence needed to litigate this action are located in Connecticut. The defendants agree to depose the plaintiffs at locations convenient to them, posing no inconvenience to the plaintiffs in litigating in Connecticut. The plaintiffs can more easily enforce a judgment against WWE in Connecticut.

1

2)   The defendant shall have **fourteen (14) days** from the date on which this case is transferred to the District of Connecticut to file a response to the complaint.

BY THE COURT:

/s/Lawrence F. Stengel
LAWRENCE F. STENGEL, J.